IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE F. QUARTERMAN, JR.,
    Petitioner,

vs.                               Case No.:  5:14cv52/RS/EMT

WARDEN, FCI-MARIANNA,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241 and § 2255(e), and supporting memorandum and affidavits (docs. 1, 2). Respondent filed a response to the petition (doc. 12). Petitioner filed a reply (doc. 14).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND

    On November 6, 1998, a federal grand jury in the United States District Court for the Southern District of Georgia, Case No. 4:98cr141, indicted Petitioner on one count of conspiracy to possess with intent to distribute marijuana and cocaine (Count One) and four counts of distribution of cocaine (Counts Six through Nine) (doc. 12, Exs. A, C). On March 9, 1999, Petitioner entered a written plea agreement, pursuant to which he agreed to plead guilty to Count Six as charged, with the understanding that the Government would (1) dismiss all remaining counts, (2) waive enhancement of Petitioner's sentence under 21 U.S.C. § 851, (3) recommend a three-level reduction for acceptance of responsibility, provided he met the criteria set forth in § 3E1.1 of the

United States Sentencing Guidelines ("U.S.S.G."), (4) make no recommendation as to sentencing other than to point out Petitioner's cooperation in the investigation and prosecution of others, (5) recommend that Petitioner be assigned to the federal Bureau of Prisons facility nearest his home, and (6) in the event Petitioner rendered substantial assistance to the Government in the investigation and prosecution of others, file a § 5K1.1 motion for a downward departure in his sentence (Exs. D, E).

On May 25, 1999, the district court adjudicated Petitioner guilty and sentenced him to a term of 151 months of imprisonment, followed by a three-year term of supervised release (doc. 12, Ex. F).  The Eleventh Circuit Court of Appeals affirmed the judgment (Ex. G).  *See* United States v. Quarterman, 229 F.3d 1167 (11th Cir. 2000) (Table).

On August 10, 2000, Petitioner filed a § 2255 motion in the district court of conviction, but the court denied the motion on the ground that Petitioner raised challenges to his related state convictions and sentences, but not his federal conviction or sentence (*see* doc. 12, Exs. H, I, J).

Petitioner filed the instant § 2241 petition on February 19, 2014 (doc. 1 at 6).  He was housed at the Federal Correctional Institution in Marianna, Florida, when he filed his petition (*id.* at 1), and he is still housed there.  Petitioner raises the following claim:  "Petitioner is actually innocent of being a 'Career Offender' under U.S.S.G. § 4B1.1." (doc. 1 at 3).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177

F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[1] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:14cv52/RS/EMT

a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause. To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty. Bryant, 7389 F.3d at 1274.

Here, Petitioner contends his entitled to proceed under § 2241 pursuant to the savings clause of § 2255(e) (*see* doc. 2; doc. 14 at 5–8). He contends one of the state convictions used to impose the career offender enhancement of U.S.S.G. §4B1.1, specifically his state conviction for carrying a concealed weapon, does not qualify as a "crime of violence" for purposes of § 4B1.1 (doc. 1 at 3; doc. 2; doc. 14 at 5–8). Petitioner relies upon the new, retroactive rule announced in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008) in support of his claim (doc. 2; doc. 14 at 5–8). Petitioner admits he has not filed a § 2255 motion that qualifies as a true, initial § 2255 motion (*see* doc. 14 at 2–5, 7),[2] but he contends § 2255 is inadequate or ineffective to test the legality of his detention.

Petitioner cannot satisfy the first two prongs of Bryant, because he has not yet challenged his federal sentence in a § 2255 motion. Further, "simply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this [ ] does not

---

[2] Petitioner alleges, and the record demonstrates, that he filed a § 2255 motion in the district court of conviction, but the court denied the motion on the ground that Petitioner raised challenges to his related state convictions and sentences, not his federal conviction or sentence (*see* doc. 12, Exs. H, I, J).

Case No: 5:14cv52/RS/EMT

render the first § 2255 motion inadequate or ineffective." Bryant, 738 F.3d at 1272; *see also* Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3rd Cir. 2002) (section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000) (same).

Moreover, Petitioner cannot satisfy the fifth prong of Bryant, because his federal sentence did not exceed the statutory maximum. Petitioner was convicted of violating 21 U.S.C. § 841(a)(1) (doc. 12, Ex. F). The "unenhanced" statutory maximum sentence (meaning, the statutory maximum sentence without considering the § 4B1.1 enhancement which Petitioner claims was unconstitutionally applied) for Petitioner's offense is twenty years or 240 months. *See* 21 U.S.C. § 841(b)(1)(C).[3] Petitioner was sentenced to 151 months of imprisonment followed by a three-year term of supervised release (doc. 12, Ex. F), which is below the 240-month statutory maximum. Therefore, the savings clause of § 2255(e) does not authorize the court to consider Petitioner's sentencing claim. *See* Gilbert v. United States, 640 F.3d 1293, 1295, 1312, 1323 (11th Cir. 2011) (en banc), *cert. denied*, — U.S. —, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012) (holding that savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be procedurally barred, that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum).

III.   CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution of his sentence. Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e). Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

---

[3] Petitioner contends the sentencing court erroneously calculated the drug quantity in sentencing him pursuant to § 841(b)(1)(C) (*see* doc. 2 at 4). He contends the drug quantity involved was 1.9 grams of cocaine base (*id.*). The statutory maximum of twenty years set forth in § 841(b)(1)(C) applies to any offense involving less than 28 grams of cocaine base. Therefore, § 841(b)(1)(C) applied regardless of the alleged miscalculation. Moreover, Petitioner did not challenge the drug quantity on direct appeal; instead, he argued only that the district court erred by refusing to order his federal sentence to run concurrently with his undischarged state sentences (*see* doc. 12, Ex. G).

Case No: 5:14cv52/RS/EMT

1.      That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 29th day of July 2014.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**